UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REVA REED,

    Plaintiff,

    v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

_____/

No. C 12-0793 PJH

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Reva Reed filed this case as a proposed class action on January 18, 2012, in the Superior Court of California, County of San Francisco, against defendant Government Employees Insurance Company ("GEICO"), based on GEICO's alleged failure to pay benefits under a policy of automobile insurance. On February 17, 2012, GEICO removed the case to this court, alleging diversity jurisdiction.

In the original complaint, plaintiff alleged four causes of action – breach of contract and breach of the implied covenant of good faith and fair dealing; fraud; a request for a judicial declaration that GEICO's failure to pay benefits was racially motivated; and a request for a judicial declaration regarding the parties' respective rights and duties under the policy.

On February 24, 2012, GEICO filed a motion to dismiss the claim of racial discrimination expressed in the third cause of action for declaratory relief, arguing the complaint alleged no facts in support of the claim; and a motion to strike the allegation in the caption that the case was being brought on behalf of plaintiff and "all others similarly

situated." Plaintiff did not file an opposition to the motion by the due date (March 9, 2012), as required by the Civil Local Rules of this court.

Instead, on March 26, 2012, plaintiff filed a first amended complaint ("FAC"). In the FAC, plaintiff eliminated the class action reference in the caption, but alleged the same four causes of action as in the original complaint.

On April 2, 2012, GEICO filed a motion to dismiss the claim of racial discrimination expressed in the third cause of action for declaratory relief, again arguing that the complaint alleged no facts in support of the claim. On April 16, 2012, the date plaintiff's opposition was due, plaintiff filed a second amended complaint ("SAC"), alleging the same four causes of action as in the FAC, but adding a fifth cause of action for "elder abuse."

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, the party may amend its pleading only with the opposing party's written consent, or leave of court. Id.

To date, plaintiff has violated Rule 15(a) twice – once when she filed the FAC more than 21 days after GEICO filed its first motion to dismiss, and once when she filed the SAC after GEICO filed its second motion to dismiss, without first obtaining GEICO's agreement or leave of court. Because plaintiff failed to comply with Rule 15(a) before filing the SAC, the court orders it STRICKEN from the docket.

In addition, the court has reviewed GEICO's motion to dismiss the third cause of action in the FAC – which motion plaintiff has failed to oppose – and finds that it must be GRANTED, because the third cause of action fails to plead any facts in support of a claim of racial discrimination. Plaintiff alleges only that GEICO's representative "stopped taking phone calls" from her and "hung up and disrespected" her; "failed to visually inspect the claimed damage;" and failed to treat her "with the respect deserved of a paying client." FAC ¶¶ 55-59. Plaintiff "alleges and believes that this is in part due to her race" because

"she is an African American minority." FAC ¶ ¶ 59, 61.

However, these conclusory allegations are insufficient to state a claim. See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-52 (2009). Moreover, since "racial discrimination" is not a recognized common law cause of action in California, any cause of action asserting racial discrimination must plead a statutory basis.

The dismissal of the third cause of action in the FAC is with leave to amend. The second amended complaint shall be filed no later than May 16, 2012. Plaintiff may not allege any additional causes of action or name any additional defendants unless she first obtains leave of court.

Finally, the court reminds plaintiff's counsel that they are required to familiarize themselves with the Federal Rules of Civil Procedure and the Civil Local Rules of this court, and to comply with all rules and orders of the court, or risk dismissal of the case.

The May 16, 2012 date for the hearing on GEICO's motion to dismiss is VACATED.

**IT IS SO ORDERED.**

Dated: April 17, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge